Associate Justices—Joseph McKenna of California, Oliver Wendell Holmes of Massachusetts, Pierce Butler of Minnesota, William VanDeventer of Wyoming, Justice Sandford, James Clark McReynolds of Tennessee, Louis D. Brandeis of Massachusetts and George H. Sutherland of Utah.

Clerk—Wm. S. Stansbury, Dist. Columbia.

Deputy Clerk—Philander R. Stansbury.

Marshal—Frank K. Green of Kentucky.

Reporter—Ernest Knaebel of Colorado.

Terms—At Washington, D. C., second Monday in October, annually.

## COURT OF APPEALS of U. S.

### CINCINNATI

CRYSTAL PAPER CO. v. ROBERTSON CO.

U. S. Appeals, Sixth Circuit

No. 3769. Decided May 15, 1923

SALES—Construction of option in contract for sale of goods.

KNAPPEN, C. J.

Epitomized Opinion

On November 11, 1915, Robertson Co.'s predecessor gave Crystal Paper Co. a written order for "15 to 20 carloads (40,000 lbs. to car) number 1 bleached white sulphite waxing tissues (three different specifications of weight, each at a different price), shipments as may require during calendar year of 1916." This order was accepted by Crystal Paper Co. with modification: "Shipments are to be made in approximate-y equal monthly installments during 1916 and you are to furnish us with specifications thirty days in advance of shipping date. This contract is subject to the usual delays caused by conditions beyona our control." The first shipment under order, about one-seventh of a car, was made by Crystal Paper Co. and received by Robertson Co. Feb. 19, 1916. On March 8, 1916, before Crystal Co. had made further shipments, Robertson Co. notified Paper Co. by letter: "We want the full 20 cars on account of this contract" and asked "shipment of full car of 40,000 lbs. at least every ten days until further advice." Paper Co. at once denied Robertson Co.'s right to require 20 cars. Paper Co. shipped 15 cars but refused to ship remainder.

Upon trial of action for damages for refusing to furnish the five cars, Robertson Co. recovered verdict under an instruction of the court that as a matter of law the contract gave Robertson Co., the buyer, an optional right to take 20 cars and that the option was exercised within time required by law. This was assigned as error. Circuit Court of Appeals in affirming judgment of Judge Peck held:

1. The construction of an option in a contract for sale of goods depends upon the intent of parties as determined from facts and circumstances. Upon facts of this case, Robertson Co., the buyer, was vested with the option. It made the order and Paper Co. accepted it. There is a natural presumption that the reservation of option was made for the Robertson Co.'s protection.

2. Robertson Co. exercised the option within a reasonable time which is the time required by law.

Attorneys—W. M. Shohl, for plaintiff; W. T. Porter, for defendant.

## DISTRICT COURTS of U. S.

TEMPLAR MOTORS CO. v. BAY STATE PUMP CO.

U. S. Appeals, Sixth Circuit

No. 3774. Decided May 8, 1923

SALES—Measure of damages for breach of contract of sale by buyer.

EVIDENCE—Admission of secondary evidence not reversible error.

KNAPPEN, C. J.

Epitomized Opinion

Error to District Court of U. S. for Northern District of Ohio. This is a writ to review a judgment rendered in favor of Pump Co. against Templar Motors Co. for the latter's refusal to accept 5,800 Copley primers for use on automobiles, contracted October, 1919, by Motors Co.'s predecessor to be purchased from Pump Co., the obligations of which contract had prior to its breach been assumed by Motors Co. July 21, 1920, Motors Co., which had received and accepted 4200 primers, refused to accept any more of 10,000 ordered. Jury was waived and trial court found the following facts: At time contract was repudiated by Motors Co., Pump Co. had on hand all material necessary for manufacture of 5800 primers and had expended upon them all labor necessary for completion with exception of labor which would cost $580; that upon repudiation of contract, Pump Co. ceased to expend any further labor upon primers; that there was not at that time nor since that time any available market for the primers in their then condition or in a completed condition; that the material remaining in Pump Co.'s hands for primers was valued at $300. Judgment was rendered in Pump Co.'s favor for contract price of 5800 primers less $580, labor cost of their completion, and $300 as salvage value of material remaining on Pump Co.'s hands.

Motors Co. assigned as error the rule applied by trial court for measuring Pump Co.'s damages for breach of contract, and also admission of incompetent evidence. The vice president of Pump Co. had testified that the cost of completing primers was $580 and junk value $200 to $300. He admitted some of his testimony was derived from cost records kept by his company. Motors Co.'s motion to require cost records brought in was overruled and objection to vice president's testimony as being secondary evidence was also overruled. Circuit Court in affirming judgment of Judge Westenhaver held:

1. The trial court applied correct measure of damages to facts as found. The court followed provisions of Uniform Sales Act which is in force both in Massachusetts and Ohio.

2. As the vice president was also general manager of Pump Co. factory, it was nto reversible error to allow him to testify even though his testimony and calculations were derived in part from cost records and foreman of shop.

Attorneys—L. W. Wickham (Reed, Meals, Orgill & Maschke on brief), for plaintiff; N. R. Park (Herrick, Hopkins, Stockwell & Benesch on brief) for defendant.